UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

MILWAUKEE COUNTY, et al.,

        Plaintiffs,

v.                                          Case No. 2:06-cv-00372-CNC

MERCER HUMAN RESOURCE              Hon. Charles N. Clevert
CONSULTING, INC.,

        Defendant.

___

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS AMENDED MOTION TO STRIKE
CERTAIN OF DEFENDANT'S PROPOSED SUMMARY JUDGMENT EVIDENCE**

___

Litigants have the right to file a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P., provided that they comply with the requirements of Rule 56 and any applicable local rule related to such a filing.

Rule 56(e) requires that every motion for summary judgment that is not based upon a pure issue of law, a finding of uncontroverted fact "must be established through one of the vehicles designed to ensure reliability" and must submit documents and other materials which are in a form in which "[makes them] admissible in evidence." *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135 (7th Cir. 1985) (quoting 6 Moore's Federal Practice p 56.11[1.-8] (2d ed. 1983). The requirements of Rule 56(e) are mandatory and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion. *Id.*; *see also Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999).

Furthermore, Civil L.R. 56.2 provides specific direction that all motions for summary judgment must be accompanied by a statement of proposed findings of fact that are (1) material, and (2) supported by specific evidentiary material in the record.

Much of the purported evidentiary material submitted by Mercer – based entirely on lawyer's declaration – falls short of the standards required by Rule 56 and Civil L.R. 56.2 and should be stricken.

## I. THE EVIDENTIARY FLAWS WITH MERCER'S SUBMISSION

### A. The excerpts of depositions from previous litigation in *Bilda* and other cases in which Mercer was not a party and the issues involved are not joined in this case cannot be submitted to support a summary judgment motion.

"Pages of depositions taken in other actions" are generally inadmissible unless "the other actions were 'between the same parties or their representatives or successors in interest,'" or unless some other exception applies. *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) [citing Fed.R.Civ.P. 32(a)(4)]. The burden is on the party relying on such deposition evidence to demonstrate its admissibility and the court will not assume admissibility. *Id*. Mercer was not a party to any of the prior litigation, and the issues joined in the prior litigation involved constitutional taking questions which have no bearing on the issues presented in this case.

Exhibits 2, 18, 23, 24, 45, 46, 47, 48, 59, and 67 of the Bauer Declaration violate this legal principle and should be stricken.

### B. The case activity reports which purport to include interview notes of government investigators cannot support Mercer's summary judgment motion because they are hearsay.

Hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

Exhibits 3, 4, 7, 10, 11, 29, 30, 32, 33, 34, 35, 40, 41, 49, 50, and 60 to the Bauer Declaration are hearsay and no exception to hearsay rule is demonstrated. A lawyer cannot

2

authenticate a governmental investigator's report. A lawyers affidavit that is not made on personal knowledge but rather is a mere "cover page for a sheaf of documents" does not satisfy the requirements of Rule 56(e). *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994). The hearsay investigative reports should be stricken, because Mercer has not demonstrated any ground for their admissibility.

### C. Pleadings from unrelated cases between different parties are not evidence that can support a summary judgment motion.

A filing from other litigation "is not evidence of any kind." *Id.* At bottom these documents constitute the "words of the lawyers" in the original suit. *Id.* Exhibits 9, 12, 15, 20, 21, 22, 61, and 68 of the Bauer Declaration violate this principle and should be stricken.

### D. Unauthenticated and unsworn documents produced during discovery are not evidence that can support a summary judgment motion.

A lawyer cannot authenticate documents produced during discovery. *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994). There must be an independent evidentiary basis for the document submitted with a lawyer's declaration to allow that document to become "evidence" that can be considered in a motion for summary judgment – otherwise, the lawyer's affidavit is a mere "cover page for a sheaf of documents." *Id.*

Exhibit 57 of the Bauer Declaration violates this legal principle and should be stricken because it is not a business record, an exhibit admissible by Mercer from depositions in this case or self authenticity.

### E. Proof offered of subsequent remedial measures is inadmissible and must be stricken.

Federal Rule of Evidence 407 precludes the admission of subsequent remedial measures when offered to prove culpability for the actions that are the subject of subsequent remedial measures. In this instance, the Audit Report, the County Board Committee hearings and the changes in fiscal note policies are all subsequent remedial measures and must be stricken

pursuant to FRE 407.

Exhibits 53 and 57 of the Bauer declaration all constitute subsequent remedial measures and should be sticken.

### **Conclusion**

"Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Northwestern Nat. Ins. Co.*, 15 F. 3d at 662-63. Indeed "District judges are not archaeologists" and "need not excavate masses of papers in search of revealing tidbits -- not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Id*. The Rules with respect to summary judgment are designed to narrow issues in dispute based upon legitimate evidence that is not in dispute or cannot be disputed. Here, Mercer has chosen to make its evidentiary submissions in a manner which violates the Rules – those submissions must be stricken.[1]

Dated this 30th day of July, 2008.

**SUSMAN GODFREY, L.L.P.**

By: _s/Kenneth E. McNeil_____
Kenneth E. McNeil
Texas Bar No. 13830900
E-mail: kmcneil@susmangodfrey.com
James T. Southwick
Texas Bar No. 24001521
E-mail: jsouthwick@susmangodfrey.com
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: 713/651-9366
Telecopy: 713/654-6666

---

[1] A chart describing the evidentiary bases for striking each challenged exhibit is attached hereto.

John A. Busch, SBN 1016970
E-mail:  jabusch@michaelbest.com
Michael Best & Friedrich LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202-4108
Telephone:  414/271-6560
Telecopy:  414/277-0656

Chris J. Trebatoski, SBN 1001105
E-mail:  cjt@wbb-law.com
Weiss Berzowski Brady LLP
700 North Water Street, Suite 1400
Milwaukee, WI  53202-4273
Telephone:     414/276-5800
Telecopy:      414/276-0458

Attorneys for Plaintiffs,
Milwaukee County, Employee's Retirement
System of the County of Milwaukee, and
Pension Board, Employee's Retirement System
of the County of Milwaukee

| Exhibit No. | Description | DPFOF Supported | Basis to Strike |
|---|---|---|---|
| 2. | Excerpts from the Deposition of Lynne DeBruin, August 14, 2003 | 2, 102 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 3. | Case Activity Report, Wisconsin Department of Justice, Division of Criminal Investigation ("WDOJ-DCI"), "Interview: Gary Dobbert," April 24, 2002. | 3, 60 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay<br>-Constitutes a subsequent remedial measure |
| 4. | Case Activity Report, WDOJ-DCI, "Interview: Gary J. Dobbert," February 6, 2002. | 3, 56, 57, 58 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 7. | Case Activity Report, WDOJ-DCI, "Interview: Lynne D. DeBruin," January 22, 2002. | 8 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 9. | Reply Brief of Defendant Employees' Retirement System of the County of Milwaukee in Support of its Motion for Summary Judgment, *Bilda* ("ERS *Bilda* Reply Brief"), March 5, 2004. | 12 | -Pleadings in an unrelated case<br>-Irrelevant |
| 10. | Case Activity Report, WDOJ-DCI, "Interview: Melvin F. Marino," March 12, 2002. | 16, 18, 19, 34 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 11. | Case Activity Report, WDOJ-DCI, "Interview: F. Thomas Ament," January 25, 2002. | 17 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 12. | Brief of Defendant Employees' Retirement System of the County of Milwaukee in Support of its Motion for Summary Judgment, *Bilda*. | 20, 23, 24, 25, 26 | -Pleadings in an unrelated case<br>-Irrelevant |
| 15. | Milwaukee County's Brief in Support of Summary Judgment, *Vernon v. Milwaukee County et al.,* Case No. 04-CV-004949 (Milwaukee County). | 27 | -Pleadings in an unrelated case<br>-Irrelevant |

| | | | |
|---|---|---|---|
| 18. | Excerpts from Deposition of Melvin Marino, June 5, 2003, *Bilda*. | 33 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 20. | County Defendants' Reply Brief in Support of Their Motion for Summary Judgment, *Bilda*. | 35 | -Pleadings in an unrelated case<br>-Irrelevant |
| 21. | Brief in Support of Milwaukee County's Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Partial Summary Judgment, *Geoffrey Bilda et al v. Milwaukee County et al.,* Case No. 03-CV-OO5460 (Milwaukee County)("*Bilda II*"). | 36 | -Pleadings in an unrelated case<br>-Irrelevant |
| 22. | Defendant Milwaukee County's Proposed Findings of Fact and Conclusions of Law ("*Bilda II*"). | 37 | -Pleading in an unrelated case<br>-Irrelevant |
| 23. | Excerpts from Deposition of Lee Holloway, *Bilda I*, August 7, 2003. | 38 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 24. | Excerpts from Deposition of Jeremiah Hegarty, *Bilda I*, June 24, 2003. | 39 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 29. | Case Activity Report, WDOJ-DCI, "Interview: Clifford J. Van Beek." | 51 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 30. | Case Activity Report, WDOJ-DCI, "Interview: Guy M. Stuller," February 27, 2002. | 53 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 32. | Case Activity Report, WDOJ-DCI , "Interview: Henry H. Zielinski, February 4, 2002. | 55 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 33. | Case Activity Report, WDOJ-DCI, Jac R. Amerell, January 25, 2002. | 55, 61 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |

| 34. | Report, WDOJ-DCI, "Interview: Gary J. Dobbert," June 22, 2004. | 59, 64 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
|---|---|---|---|
| 35. | Case Activity Report, WDOJ-DCI, "Interview: F. Thomas Ament," January 29, 2002. | 61 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 40. | Case Activity Report, WDOJ-DCI, "Interview: F. Thomas Ament," February 18, 2004. | 67 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 41. | Case Activity Report, WDOJ-DCI, "Interview: Steven D. Huff," April 28, 2003. | 68 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 45. | Excerpts from Deposition of Jac Amerell, June 4, 2003, *Bilda*. | 78 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 46. | Excerpts from Deposition of Derek Kenner, March 12, 2003, *Bilda*. | 81, 82 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 47. | Excerpts from Deposition of Mark Borkowski, August 7, 2003, *Bilda*. | 83, 84, 85, 112, 113, 114, 115, 116, 137 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 48. | Excerpts from Deposition of James Schmitt, August 12, 2003, *Bilda*. | 86, 87, 108 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 49. | Case Activity Report, WDOJ-DCI, "Interview: Linda A. Ryan," April 11, 2002. | 88, 89 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 50. | Case Activity Report, WDOJ-DCI, "Interview: Joseph L. Davis," February 21, 2002. | 90 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 53. | Audit of Milwaukee County's Development and Adoption of the 2001-2004 Wage and Benefit Package, Milwaukee County Department of Audit, April 2002. | 98, 118 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay<br>-Constitutes a subsequent remedial measure |

| | | | |
|---|---|---|---|
| 57. | Memo, Terry D. Kocourek and Rob Henken to Richard D. Nyklewicz, regarding Report on New Policies and Procedures Governing Fiscal Notes, March 5, 2003. | 105, 106, 123 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay<br>-Constitutes a subsequent remedial measure |
| 59. | Excerpts from Deposition of John Weishan, August 15, 2003. | 111 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 60. | Case Activity Report, WDOJ-DCI, "Interview: Jerome Heer," March 28, 2002. | 119, 120, 121, 126 | -Lacks personal knowledge<br>-Neither authenticated nor sworn<br>-Constitutes hearsay |
| 61. | Order, *Dunn et al. v. Milwaukee County*, 02-CV-11882 (Milwaukee County), October 1, 2003. | 122 | -Pleadings in an unrelated case<br>-Irrelevant |
| 67. | Excerpts from Deposition of Michael Mayo, June 5, 2003, *Bilda.* | 136 | -Pleading from unrelated case<br>-Lacks personal knowledge<br>-Exhibits neither sworn nor certified<br>-Irrelevant |
| 68. | Defendant Employees' Retirement System of the County of Milwaukee Proposed Findings of Fact, Conclusions of Law, and Order for Judgment, *Bilda*. | 138 | -Pleadings in an unrelated case<br>-Irrelevant |