UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE COUNTY, et al.,

        Plaintiffs,

v.                                                Case No. 2:06-cv-00372-CNC

MERCER HUMAN RESOURCE
CONSULTING, INC.,

        Defendant.

---

**JOINT PRETRIAL REPORT**

---

# TABLE OF EXHIBITS

| EXHIBIT # | DESCRIPTION |
|---|---|
| A | Plaintiffs' Witness List |
| B | Defendant's Witness List |
| C | Plaintiffs' Expert Witness List |
| D | Defendant's Expert Witness List |
| E | Plaintiffs' Exhibit List |
| F | Defendant's Exhibit List |
| G | List of Exhibits Designated by Both Parties |
| H | Plaintiffs' Deposition Designations, objections to Defendant's designations, and counterdesignations. |
| I | Defendant's Deposition Designations, objections to Plaintiffs' designations, and counterdesignations. |
| J | Plaintiffs' Proposed Voir Dire Questions |
| K | Defendant's Proposed Voir Dire Questions |
| L | Plaintiffs' Proposed Jury Instructions and Special Verdict Form |
| M | Defendant's Proposed Jury Instructions and Special Verdict Form |

Pursuant to the local rules and the minutes of the scheduling conference of May 9, 2008, the parties submit this pretrial report. The Plaintiffs are (1) Milwaukee County, (2) the Employee Retirement System of Milwaukee County ("MCERS"), and (3) the Pension Board responsible for administering and operating MCERS (the "Pension Board"). The Defendant is Mercer Human Resource Consulting, Inc. ("Mercer").

I.   STATEMENT OF FACTS AND THEORIES

The plaintiffs are Milwaukee County and its pension system. Defendant Mercer is an actuarial firm that provided actuarial services to the plaintiffs pursuant to separate contracts with both Milwaukee County and with the Pension Board. Actuaries are specially trained professionals whose work is governed by the profession's Code of Professional Conduct and the Actuarial Standards of Practices.

The County employs thousands of people and provides pensions to its eligible retired workers. Most County workers are members of labor unions and in late 1999-2000 the County began preparing for collective bargaining with its labor unions. At the time, the pension fund was overfunded and the County developed a negotiating strategy to use the overfunding to enhance pension benefits.

Throughout 2000 Mercer gave the County assessments of the cost of certain potential changes in the pension benefits. In second half of 2000 and into early 2001, the County negotiated new labor agreements with its unions and non-unionized employees that included the enhanced pension benefits and then enacted the benefit changes in a series of County ordinances.

The plaintiffs claim that Mercer breached its contracts and committed malpractice in connection with its work in 2000 and 2001 on the pension enhancements because its actuaries failed to act up to the standard of care required of professional actuaries. Plaintiffs also contend

that Mercer committed intentional and negligent misrepresentations in the course of advising the plaintiffs concerning the pension benefit changes. Plaintiffs contend that the benefit changes would not have been adopted if Mercer had properly analyzed the costs of those changes and as a result, the plaintiffs are damaged by hundreds of millions of dollars.

Mercer denies any wrongdoing and claims its work met all professional standards. Mercer also contends that the plaintiffs themselves were negligent in the enactment of the benefits. In particular, Mercer contends that Gary Dobbert, the County Director of Human Resources, provided false information to County decision makers concerning the cost of the backdrop benefit in 2000, when Dobbert claimed the backdrop had been reviewed by the actuaries and had minimal impact on the pension system. Mercer also contends that County decision makers did not rely on Mercer's advice concerning the cost of the backdrop because Dobbert failed to pass on to County Supervisors the cost analysis Mercer provided concerning the backdrop in January 2001. Finally, Mercer contends that the County has not been damaged by any of Mercer's acts or omissions.

## II. STATEMENT OF THE ISSUES[1]

### A. Plaintiffs' Statement

1. Whether Mercer is liable to Plaintiffs for breach of contract.

2. Whether Mercer is liable to Plaintiffs for professional malpractice.

3. Whether Mercer is liable to Plaintiffs for intentional misrepresentation.

4. Whether Mercer is liable to Plaintiffs for negligent misrepresentation.

5. Whether Mercer's conduct entitles Plaintiffs to an award of compensatory damages and the amount of such damages.

---

[1] Each party has added its own statement of the issues in this section. The parties do not agree that each of the following issues are relevant, contested or accurately represent the law or facts. Further, the parties do not agree that all of the following statements are appropriate to be read or provided to the jury.

6. Whether Mercer's conduct entitles Plaintiffs to an award of punitive damages and the amount of such damages.

7. Whether Plaintiffs are entitled to attorneys' fees and costs, and their amount.

8. Whether Plaintiffs are entitled to pre- and post- judgment interest.

### B. Defendant's Statement

1. Whether Mercer had a duty to correct misstatements by the County's Human Resources Director, Gary Dobbert, in documents provided to the County's Pension Study Commission at its October 27, 2000 meeting to the effect that the BackDROP pension benefit had been analyzed by Mercer and that the effect on the County's pension plan was "minimal."

2. Whether Mercer's failure to correct Dobbert's misstatements at the October 27, 2000 Pension Study Commission meeting constituted professional negligence.

3. Whether the Pension Study Commission relied on Dobbert's misstatements or Mercer's failure to correct those misstatements in approving the BackDROP pension benefit at its October 27, 2000 meeting.

4. Whether the County, acting through its employees and agents, was also negligent in connection with the approval of the BackDROP pension benefit at the October 27, 2000 Pension Study Commission meeting.

5. Whether Mercer guaranteed the County that its pension plan would have investment returns sufficient to fund all pension benefits the County granted to its employees in collective bargaining without additional contributions to the pension plan by the County.

6. Whether the County reasonably relied on any guarantee by Mercer that the County's pension plan would have investment returns sufficient to fund all pension benefits the County granted to

its employees in collective bargaining without additional contributions to the pension plan by the County.

7. Whether Mercer's January 16, 2001 estimate of the cost of the BackDROP violated the standard of care for actuaries performing such estimates and thereby constituted professional negligence.

8. Whether the County relied on Mercer's January 16, 2001 cost estimate in enacting the BackDROP for those union contracts approved after that date.

9. Whether the County, acting through its employees and agents, was also negligent in enacting the BackDROP as part of union contracts approved after January 16, 2001.

10. Whether the County or its pension plan suffered any cognizable harm as a result of Mercer's alleged negligence. Specifically, whether governmental entities can be harmed by paying pension benefits to their own former employees.

11. Whether some or all of the damage models proposed by Plaintiffs are too flawed or speculative to support recovery.

12. Whether some or all of the damage models proposed by Plaintiffs ignore known offsets such as lower wages or payroll paid by the County to its employees since 2001.

13. Whether Plaintiffs have failed to mitigate their damages.

14. Whether Plaintiffs' contributory negligence bars their recovery of damages under Wisconsin law.

15. Whether Gary Dobbert's criminal misconduct as the County's Human Resources Director in connection with the enactment of the BackDROP was a superseding cause of any harm to the County or its pension plan resulting therefrom.

## III. WITNESS LISTS

Plaintiffs' witness list is attached as Exhibit A.

Defendant's witness list is attached as Exhibit B.

## IV. EXPERT WITNESSES

Plaintiffs' expert witnesses are described in Exhibit C.

Defendant's expert witnesses are described in Exhibit D.

## V. EXHIBIT LIST

Plaintiffs' exhibit list is attached as Exhibit E.

Defendant's exhibit list is attached as Exhibit F.

A list of exhibits designated by both parties is attached as Exhibit G.

## VI. DEPOSITION DESIGNATIONS

Plaintiffs' deposition designations, objections to Defendants' designations, and counter-designations are attached hereto as Exhibit H. Defendant's deposition designations, objections to Plaintiffs' designations, and counter-designations are attached hereto as Exhibit I.

## VII. ESTIMATED TRIAL TIME

The parties estimate that trial can be completed in four weeks.

## VIII. VOIR DIRE

Plaintiffs' Proposed Voir Dire Questions are attached as Exhibit J.

Defendant's Proposed Voir Dire Questions are attached as Exhibit K.

## IX. JURY INSTRUCTIONS AND VERDICT FORM

Plaintiffs' proposed jury instructions and special verdict form are attached hereto as Exhibit L. Defendant's proposed jury instructions and special verdict form are attached hereto as

Exhibit M. Both sets of instructions and both verdict forms are also included in electronic form (in Microsoft WordPerfect) on the computer disk submitted herewith.

Dated this 2nd day of December, 2008.

                                        Respectfully Submitted,

| QUARLES & BRADY L.L.P. | SUSMAN GODFREY, L.L.P. |
|---|---|
| /s/Paul Bauer | /s/James Southwick |
| Eric J. Van Vugt | Kenneth E. McNeil |
| E-mail: ejv@quarles.com | Texas Bar No. 13830900 |
| Paul D. Bauer | E-mail: kmcneil@susmangodfrey.com |
| E-mail: pdb@quarles.com | James T. Southwick |
| 411 East Wisconsin Avenue | Texas Bar No. 24001521 |
| Milwaukee, WI 53202-4497 | E-mail: jsouthwick@susmangodfrey.com |
| Telephone: 414/277-5625 | Lexie G. White |
| Telecopy: 414/978-8625 | Texas Bar No. 24048876 |
| | E-mail: lwhite@susmangodfrey.com |
| Attorneys for Defendant, | Alexander L. Kaplan |
| Mercer Human Resource Consulting | Texas Bar No. 24046185 |
| | E-mail: akaplan@susmangodfrey.com |
| | 1000 Louisiana, Suite 5100 |
| | Houston, TX 77002-5096 |
| | Telephone: 713/651-9366 |
| | Telecopy: 713/654-6666 |
| | |
| | John A. Busch, SBN 1016970 |
| | E-mail: jabusch@michaelbest.com |
| | Michael Best & Friedrich LLP |
| | 100 East Wisconsin Avenue, Suite 3300 |
| | Milwaukee, WI 53202-4108 |
| | Telephone: 414/271-6560 |
| | Telecopy: 414/277-0656 |
| | |
| | Chris J. Trebatoski, SBN 1001105 |
| | E-mail: cjt@wbb-law.com |
| | Weiss Berzowski Brady LLP |
| | 700 North Water Street, Suite 1400 |
| | Milwaukee, WI 53202-4273 |
| | Telephone: 414/276-5800 |
| | Telecopy: 414/276-0458 |

Attorneys for Plaintiffs,
Milwaukee County, Employee's Retirement
System of the County of Milwaukee, and
Pension Board, Employee's Retirement
System of the County of Milwaukee